UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

**DAVID COHEN on behalf
of himself or herself and all other similarly
situated consumers**

                      **Plaintiff(s),**

  -against-

**AARGON AGENCY, INC**

                      **Defendant.**
_____

## CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED

1. Plaintiff seeks redress for the illegal practices of AARGON AGENCY, INC, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## Parties

2. Plaintiff is a citizen of the State of New York who resides within this Judicial District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt and the Plaintiff is a natural person obligated or allegedly obligated to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in *Las Vegas, Nevada*.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector", as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mail in any business of which the principal purpose is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA simultaneously advances two objectives: it protects vulnerable citizens while promoting a competitive marketplace. 15 U.S.C. § 1692(e). The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-3 (2d Cir. 1993). In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).

10. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S. Ct. 1605,1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted); Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 996 (3d Cir. 2011).

11. Congress had found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors has contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a). It also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b). Therefore, "Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act." Lesher, 650 F.3d at 997.

12. Thus, the intended effect of these private enforcement actions was not only to reduce the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual

privacy caused by abusive, deceptive, and unfair debt collection practices but simultaneously, to promote a competitive marketplace for those debt collectors who voluntarily treat consumers with honesty and respect.

13. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve 'the right to be treated in a reasonable and civil manner.'" FTC, supra, 502 F.3d at 165 (emphasis added) quoting Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1324 (7th Cir. 1997).

14. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," Brown v. Card Serv. Ctr, 464 F.3d 450, 453n1 (3d Cir. 2006). Thus, by way of example, "a debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." Id. at 455.

15. "Congress also intended the FDCPA to be self-enforcing by private attorney generals." Weiss v. Regal Collections, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would

be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Services, Inc., 516 F.3d 85, 91 (2d Cir. 2008); and, see, Gonzales v. Arrow Fin. Services, LLC, 660 F.3d 1055 (9th Cir. 2011). Thus, "the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

16. Except where the Act expressly requires knowledge or intent, the "FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation," Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

17. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be per se violations of that section. 15 U.S.C. § 1692e(1)-(16).

## Jurisdiction and Venue

18. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## Nature Of The Action

20. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, et seq.

21. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

22. Plaintiff is seeking damages, and declaratory and injunctive relief.

## Violations Of The Fair Debt Collection Practices Act
## Allegations Particular to Plaintiff

23. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

24. On or about July 1, 2020, Defendant sent Plaintiff a collection letter attached as *Exhibit A*, which was an initial communication sent by the Defendant, and received by the Plaintiff, seeking to collect a balance allegedly incurred for personal purposes. Said letter states in part as follows:

**Total Balance Due - $429.66**

25. Plaintiff filed for an Order of Relief under Chapter 7 of Title 11 of the United States Code on March 9, 2020, and the clerk of the Bankruptcy Court served the creditor with Notice of the Commencement of the bankruptcy filing and a Court Order Automatically Staying all collection actions and activity, by the creditor, Sunrise Medical Laboratories, Inc. (Exhibit "B").

26. Plaintiff was thereby granted an order by the Hon. Alan S. Trust, Automatically staying the creditor from taking any action in connection with the collection of the debt.

27. In light of the Automatic Stay, prohibiting any attempt to collect the debt, defendant had no legal right to engage in collection activity as the Plaintiff had no obligation to pay this debt. The defendant's actions were therefore an attempt to collect a debt that was not authorized or permitted as a matter of law, and in fact no obligation to pay the debt by the plaintiff existed at some or all times that the defendant attempted to collect the debt.

# First Count
## Violation of 15 U.S.C. §1692e, 1692e(2)(A), and 1692e(10)
## False and Misleading Representations

### False or Misleading Representations as to the Rights of the Consumer

28. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

29. 15 U.S.C. § 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. The statement in the letter that the Plaintiff was obligated on the alleged debt stated in the letter was an attempt to collect a debt that does not exist, is otherwise not authorized by law, and is in fact in violation of the bankruptcy court Automatic Stay.

31. The defendant had no authority to collect the debt alleged in the letter.

32. The letter, because of the false and misleading statement, would likely confuse the least sophisticated consumer into paying a debt that the defendant was not authorized by law to collect.

33. Defendant made a false representation of the legal status of the debt, in violation of 15 U.S.C. §1692e(2)(A).

34. Defendant made a false representation of the validity of the Debt, in violation of 15 U.S.C. §1692e(2)(A), as Plaintiff did not owe such a debt.

35. Defendant made a false representation of the amount of the Debt, in violation of 15 U.S.C. §1692e(2)(A), as Plaintiff did not owe such a debt.

36. 15 U.S.C. §1692e(10) prohibits a debt collector's use of any false representation or deceptive means to attempt to collect any debt, as Plaintiff did not owe such a debt.

37. The statement in Defendant's letter is false and misleading, and is therefore in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

## Second Count
## Violation of 15 U.S.C. §1692f
## Unfair Or Unconscionable Means Used

38. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

39. 15 U.S.C. § 1692f of the FDCPA states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

40. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

41. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

42. Defendant violated 15 U.S.C. § 1692f(1) by making a false representation of the legal status of the debt.

43. Defendant violated 15 U.S.C. § 1692f(1) by making a false representation of the validity of the Debt, as Plaintiff did not owe such a debt.

44. Defendant violated 15 U.S.C. § 1692f(1) by making a false representation of the amount of the Debt, as Plaintiff did not owe such a debt.

45. Defendant violated 15 U.S.C. § 1692f by attempting to collect the debt.

46. The defendants actions as listed above are therefore in violation of 15 U.S.C. § 1692f.

## **SPOKEO STANDING**

i. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

ii. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

iii. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

iv. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

v. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs alleged debt.

vi. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

vii. The FDCPA is designed to ensure that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, to make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to make intelligent decisions regarding the resolution of claims made by debt collection agencies. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under the FDCPA.

viii. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose how to respond to claims made by debt collection agencies.

viv. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute

embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## **Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

A. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

B. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

C. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses and electronic databases. The said letter is a standardized form letter.

D. This cause of action is brought on behalf of Plaintiff and the members of a class.

E. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter: (a) in substantially the same form letter as the letter sent to the Plaintiff on or about one year prior to the date of the collection letter; and (b) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the Defendant; and (c) the collection letter was not returned by the postal service as undelivered;

(d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692e(11).

F. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

1. Based upon the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

2. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

3. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

4. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

5. The Plaintiff will fairly and adequately represent the class members. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's situation is consistent with those of the members of the class.

G. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest charges of judicial economy.

H. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

I. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

J. The Defendant's actions, as set forth above in the within complaint, violates the Fair Debt Collection Practices Act.

K. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

Dated: Nassau, New York
July 21, 2020

/S Jacob Silver
_____
Jacob Silver
Attorney At Law
237 Club Dr.
Woodmere, NY 11598
(718) 855-3834
(718) 534-0057 – Fax
silverbankruptcy@gmail.com